THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROB FAIRWEATHER, *et al.*,<br><br>Defendants. | CASE NO. C21-0002-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for a preliminary injunction (Dkt. No. 15) and the Fred T. Korematsu Center for Law and Equality's ("Korematsu Center") unopposed motion for leave to file a brief as *amicus curiae* in support of Plaintiffs' motion (Dkt. No. 25).[1] Having thoroughly considered the parties' briefing and the relevant record, and having heard the parties' oral argument, the Court hereby GRANTS the motion for a preliminary injunction (Dkt. No. 15) and GRANTS the motion for leave to file an *amicus curiae* brief (Dkt. No. 25) for the reasons explained herein.

---

[1] The Court declines Plaintiffs' invitation to presently rule on Defendants' motion to dismiss Counts I–III. (*See* Dkt. No. 40 at 3 n.1.) Rather, the Court will provide a separate ruling on Defendants' motion once it is fully briefed and ripe for consideration. Nevertheless, the Court has considered Defendants' jurisdictional arguments in their briefing to date and during oral argument. Those arguments do not pose an impediment to the Court's ability to presently rule on Plaintiffs' preliminary injunction motion. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 842 (D. Alaska 2012), *aff'd*, 709 F.3d 1281 (9th Cir. 2013).

|   |   |
|---|---|
| 1 | On January 24, 2020, Defendant the Office of Management and Budget ("OMB"), |
| 2 | approved the sale of the Federal Archives and Records Center in Seattle ("Archives facility") |
| 3 | pursuant to the Federal Assets Sale and Transfer Act of 2016 ("FASTA"), Pub. L. No. 114-287, |
| 4 | 130 Stat. 1463 (2016). (Dkt. No. 16-1 at 166–67.) According to the Public Buildings Reform |
| 5 | Board, which was established by FASTA, the Government intends to "bring the propert[y] to |
| 6 | market by early 2021." (*Id.* at 169.) Plaintiffs, comprised of State and local governments, tribal |
| 7 | governments, Alaska Native Corporations, tribal communities, and historical and cultural |
| 8 | organizations, brought suit pursuant to the Administrative Procedures Act in an effort to halt the |
| 9 | sale. (*See* Dkt. No. 30.) Plaintiffs assert that FASTA exempts facilities like the Archives from its |
| 10 | provisions and that, regardless, Defendants OMB and General Services Administration ("GSA") |
| 11 | failed to follow FASTA's section 11 procedural requirements in recommending that the Archives |
| 12 | facility be sold pursuant to FASTA. (*See id.* at 69–76.) |
| 13 | Plaintiffs now move for a preliminary injunction. (Dkt. No. 15.) They ask the Court to |
| 14 | enjoin Defendants from selling the Seattle facility pursuant to Defendants' FASTA authority |
| 15 | until a final determination on the merits of Plaintiffs' claims can be made by the Court. (*Id.*). |
| 16 | Plaintiffs argue that a preliminary injunction is required to ensure that no sale of the property |
| 17 | takes place during the pendency of this matter. (*Id.*) In seeking a preliminary injunction, the |
| 18 | moving party must establish "that [it] is likely to succeed on the merits, that [it] is likely to suffer |
| 19 | irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] |
| 20 | favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 |
| 21 | U.S. 7, 20 (2008); *see also Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. |
| 22 | 2014). In holding that Plaintiffs have established the requisite elements, the Court incorporates |
| 23 | Plaintiffs' proposed factual findings and legal conclusions (*See* Dkt. No. 37 at 1–14, ¶¶ 1–51; |
| 24 | 14–27, ¶¶ 1–40.) On this basis, Plaintiffs' motion for a preliminary injunction is GRANTED. |
| 25 | The Korematsu Center also moves for leave to file an *amicus curiae* brief in support of |
| 26 | Plaintiffs' motion for preliminary injunction. (Dkt. No. 25.) The motion is unopposed. District |

courts have "broad discretion" regarding the appointment of *amici* and frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *Skokomish Indian Tribe v. Goldmark*, Case No. C13-5071-JLR, Dkt. No. 91 at 1 (W.D. Wash. 2013) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). Moreover, "there is no rule that *amici* must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *see Hoptowit*, 682 F.2d at 1260 (affirming district court's appointment of *amicus curiae* even though *amicus* entirely supported only one party's arguments). Here, the Korematsu Center's proposed brief is of assistance to the Court in considering the import of FASTA's exclusion for properties used in connection with conservation activities. (*See generally* Dkt. No. 25-1.) Accordingly, the motion is GRANTED.

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction and the Korematsu Center's motion for leave to file an amicus brief (Dkt. Nos. 15, 25) are GRANTED. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are PRELIMINARILY ENJOINED from selling the Archives facility pursuant to duties established by FASTA and from taking any actions to facilitate or effectuate a sale of the Archives facility under FASTA until a final determination on the merits is issued by this Court. This preliminary injunction shall remain in effect during the pendency of this case or until further order of the Court.

DATED this 16th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE